**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANI SUNITA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DELANEY HALL DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil Action No. 26-14069 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Rani Sunita's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging unlawful detention in violation of her constitutional rights. (*See* ECF No. 1.) On November 3, 2026, Respondents filed a letter submitting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that an immigration judge ("IJ") denied her release on bond. (ECF No. 4.) Petitioner filed a reply (ECF No. 5) and, following an order for supplemental briefing, Respondents filed updated briefing (ECF No. 7), Petitioner replied (ECF No. 8), Respondents responded (ECF No. 9), and Petitioner replied (ECF No. 10).

Petitioner, a citizen of India, entered the United States on July 9, 2022. (ECF No. 1 at 4-5.) On July 10, 2022, the Department of Homeland Security ("DHS") issued Petitioner a Form 1-286, Notice of Custody Determination, and subsequently released her on her own recognizance on July 19, 2022. (*Id.* at 5.) On October 24, 2026, at an Immigration and Customs Enforcement ("ICE") check-in, officers detained Petitioner. (*Id.*)

On October 28, 2026, Petitioner filed the instant Petition arguing that she is unlawfully detained in violation of her constitutional rights. (*See generally* ECF No. 1.) Respondents filed an

expedited response submitting that on November 2, 2026, Petitioner received a bond hearing, where an immigration judge denied Petitioner's release on bond. (ECF No. 4.) The IJ found Petitioner a flight risk based on repeated violations of ICE's Alternative to Detention program. (*Id.*) Petitioner responded, arguing that Respondents failed to comply with the Court's October 28, 2026, Order because they failed to issue Petitioner a Notice of Custody Determination prior to the filing of her Petition. (*See generally* ECF No. 5.) Petitioner also argued that a bond hearing was convened without notice to counsel and violated her due process rights. (*Id.* at 6-8.) The Court ordered supplemental briefing on November 6, 2026. (ECF No. 6.) On the same day, Respondents filed a supplemental letter. (ECF No. 7.) Respondents submit that a Notice of Custody Determination was issued on October 24, 2026, prior to Petitioner's filing of the instant Petition on October 28, 2026. (*Id.* at 1; ECF No. 17-1.) Respondents also argue that Petitioner was served with a notice of her bond hearing on October 28, 2026. (*Id.*; ECF No. 17-2.) Respondents argue that habeas counsel did not enter an appearance in Petitioner's immigration proceedings, there was no immigration counsel of record, and Respondents were not obligated to inform habeas counsel of the scheduled bond hearing. (*Id.*) Petitioner replied, challenging the Notice of Custody Determination and the lack of notice regarding the bond hearing. (ECF No. 8.) Respondents responded. (ECF No. 9.) Petitioner replied. (ECF No. 10.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the

petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). Accordingly, when the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ and appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section and by order of the IJ. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), the Court will deny the Petition.

Petitioner argues that Respondents failed to comply with the Court's October 28, 2026, Order. (*See* ECF Nos. 5, 8.) Petitioner first argues that Respondents failed to produce a Notice of Custody Determination in violation of the Court's Order. (ECF No. 5 at 4-5.) On October 28, 2026, the Court Ordered Respondents to release Petitioner from custody if, among other things, "Respondents had not issued a Notice of Custody Determination by the time the Petition was filed." (ECF No. 2 at 1.) Respondents have provided the Court with an October 24, 2026, Notice of Custody Determination that was issued prior to Petitioner filing her Petition on October 28, 2026. (*See* ECF No. 7-1.) Petitioner now argues that because the Notice of Custody Determination indicates that Petitioner "refused to sign" the document, it shows that Petitioner did not "know it existed." (ECF No. 8 at 2.) The Court declines to find that Petitioner's refusal to sign the Notice of Custody Determination shows that Petitioner was not aware of it. However, assuming arguendo that Petitioner was not aware of the Notice, the Court ordered Respondents to release Petitioner if a Notice of Custody Determination was not issued by the time the Petition was filed, but not to release Petitioner if she was not aware of the Notice. (ECF No. 2.) As Respondents have provided the Court with a Notice of Custody Determination that is dated prior to Petitioner's filing of the Petition, the Court finds Petitioner has not shown Respondents violated the Court's Order.

Petitioner also argues that Respondents violated the Court's October 28, 2026 Order, when they convened a bond hearing without notice to counsel, and the hearing violated due process. (ECF No. 5 at 5-8.) The Court's October 28, 2026 Order ordered Respondents to ensure Petitioner receives a bond hearing. (ECF No. 2 at 1.) Respondents responded that habeas counsel did not enter her appearance in Petitioner's immigration proceedings; and accordingly, Respondents were not required to notify habeas counsel of Petitioner's bond hearing. (ECF No. 7.) Further, Respondents argue that at the hearing, the IJ informed Petitioner of her right to counsel and asked

if she would like a continuance of the hearing to appear with counsel. (ECF No. 9.) The Court again finds that Petitioner has not shown that Respondents violated the Court's Order. The Court ordered Respondents to ensure Petitioner receives a bond hearing, not that they notify habeas counsel, who had not entered her appearance in Petitioner's immigration case, of said hearing. Additionally, the IJ informed Petitioner that she was entitled to a continuance to seek counsel and asked whether she wished to move forward with the hearing. (ECF No. 9-1 at 3.) Accordingly, the Court finds that Respondents did not violate the Court's October 28, 2026 Order. Accordingly,

**IT IS**, on this 18th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**